IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Lewis T. Babcock

Criminal Action No. 12-cr-00068-LTB

UNITED STATES OF AMERICA,

v.

JAMES L. SANTISTEVAN,

    Defendant.

---

ORDER DIRECTING DEFENDANT TO RESPOND

---

    Defendant James L. Santistevan, acting *pro se*, filed a "Request for Enlargement of Time to File Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," ECF No. 58.  I must construe the Request liberally because defendant is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.

    Defendant requests that I grant him ninety days to file a § 2255 motion.  He contends that since November 13, 2013, he has requested documents from his attorney of record and a copy of the docket from the Clerk of the Court, but as of the signing of the Request for Enlargement he has not received the documents or the docket and is not able to file a § 2255 motion without the documents.

    Defendant's Request is not ripe because he has not filed a § 2255 motion.  I do, however, have the discretion either to dismiss the Request or recharacterize the Request as a § 2255 motion.  *See Castro v. United States*, 540 U.S. 375, 383-84

(2003); *United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000). Where it is clear that a defendant does not intend to construe a request or motion as a § 2255 motion, out of concern that a subsequent § 2255 motion would be considered successive, the court should obtain a defendant's agreement to recharacterize the treatment. *Kelly*, 235 F.3d at 1242. Recharacterization is of concern when recharacterizing a request results in a defendant's first § 2255 motion. *See United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002).

Defendant has clearly labeled his Request for an enlargement of time to file a § 2255 motion and notification of recharacterization is not required when a defendant's intention is clear. *See United States v. Wilson*, — F. App'x — , 2013 WL 5273124, *1 (10th Cir. 2013). Nonetheless, this is Defendant's first § 2255 motion.

Defendant's judgment of conviction was entered on the docket on February 5, 2013. Because defendant did not file a direct appeal his conviction was final on February 19, 2013, fourteen days after the judgment was entered. *See United States v. Burch*, 202 F.3d 1274 (10th Cir. 2000); Fed. R. App. P. 4(b)(1)(A) and 26(a). Defendant has until February 19, 2014, to file his § 2255 motion.

A deadline for filing a § 2255 motion is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010) ("[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling.") The question of tolling is ripe for adjudication only when a § 2255 motion has been filed and the statute of limitations is at issue. *United States v. Daniels*, 191 F. App'x 622 (10th Cir. 2006) (quoting *United States v. Verners*, 15 F. App'x 657, 660 (10th Cir. 2001)). Neither has a § 2255 motion been filed nor is the statute of limitations under § 2255(f) at issue. Defendant's Request

for Enlargement of Time, therefore, is not ripe and is subject to denial for lack of jurisdiction.

Based on my discretion and having notified Defendant of my decision, I therefore, will treat the Request as a § 2255 motion that is subject to amendment. Defendant will be directed to notify the Court within seven days if he intends either to contest the treatment of the Request or in the alternative desires to proceed with a § 2255 motion at this time. Accordingly, it is

ORDERED that Defendant notify the Court by February 13, 2014, whether he contests the treatment of the Request or agrees to the treatment and desires to file an amended 28 U.S.C. § 2255 motion.

DATED at Denver, Colorado, this  5th  day of   February  , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court